Levy *et al. vs.* Twiname & Sumner.

---

H. M. LEVY *et al.,* plaintiff's in error, *vs.* TWINAME & SUM-NER, defendant's in error.

When the property of defendant was sold under a distress-warrant for rent due, and the question before the Court was whether the proceeds of the sale in the hands of the sheriff should be paid to the holder of a prior judgment against the defendant, or to the plaintiff in the distress-warrant who claimed a lien under a contract for a lease of the premises: *Held,* That the lien specified in the contract between the landlord and tenant, set forth in the record, (not being for the crop raised on the premises) did not take precedence as to payment of an older judgment lien against the defendant : Code 2260.

Priority of Lien.    Rent.    Before Judge SNEAD.    City Court of Augusta.    August term, 1870.

In May, 1867, George Jones *et al.,* as trustees, leased certain land to one Frain for a term of five years, in which it was stipulated that they should " have a lien upon the buildings (to be erected thereon) for any rent that may be due on

the premises." On the 4th of June, 1870, a distress-warrant in favor of the landlord was levied upon certain buildings, which had been put upon the premises by Frain. They were sold, and the proceeds were in the sheriff's hands. Then came Twiname & Sumner, who held against Frain a judgment obtained in 1869, and claimed said proceeds. After paying the costs and attorney's fees for bringing the money into Court, the balance was ordered to be paid to Twiname & Sumner. This is assigned as error.

JOSEPH P. CARR, for plaintiff in error.

McLAWS & GANAHL, for defendants.

WARNER, J.

On the statement of facts disclosed by the record in this case, there was no error in the Court below in deciding that the lien specified in the contract between the landlord and tenant, (the same not being a lien for the crop raised on the premises,) did not take precedence, as to payment, of an older judgment lien against the defendant: Code, 2260.

Let the judgment of the Court below be affirmed.